PER CURIAM.
The appellant, Kim L. Thomas, challenges the sentences he received after he pled guilty to two counts of felony petit theft. We affirm appellant’s convictions, but set aside his sentences and remand for a new sentencing hearing.
Appellant was charged with two counts of felony petit theft and pled guilty. Appellant had been provided with notice that he would be treated as a subsequent felony offender. He was sentenced to two concurrent terms of three years probation as a “subsequent felony offender.” The recommended guidelines sentence was any non-state prison sanction. The appellant timely appealed.
Although he waived the presentence investigation report at the sentencing hearing, appellant did object to the prior convictions which the state intended to use to satisfy the habitual offender statute. The trial court, without requiring the state to produce evidence of the prior convictions, simply imposed the sentences on appellant as a subsequent felony offender.
*309 All evidence relied upon by the trial court to justify an enhanced sentence under section 775.084, Florida Statutes (1989), must be produced in open court. Grimmett v. State, 357 So.2d 461 (Fla. 2d DCA 1978). Since there was no evidence of appellant’s prior convictions adduced in open court and since appellant objected, it was error for the trial court to sentence him as a subsequent felony offender.
Accordingly, we affirm appellant’s convictions, but we set aside his sentences and remand this case for a new sentencing hearing.
SCHOONOVER, C.J., and SCHEB and HALL, JJ., concur.