583 So.2d 813 (1991)
Marvin ROWLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02462.
District Court of Appeal of Florida, Second District.
August 14, 1991.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Angelica D. Zayas, Asst. Atty. Gen., Miami, for appellee.
FRANK, Judge.
Marvin Rowland appeals from the trial court's imposition of a habitual offender sentence. On May 29, 1990, Rowland entered pleas of guilty to charges of possession of a controlled substance and resisting an officer without violence. The offenses occurred on January 29, 1990. Rowland received notice of the state's intention to seek a habitual offender sentence.
At the sentencing hearing the trial court adopted an agreed upon three and one-half year sentence, but without enhancing the term, he sentenced Rowland as a habitual offender. Rowland contends that it was error for the trial court not to make the findings required by section 775.084(3)(d), Florida Statutes (1989). We agree.
Section 775.084(3)(d) provides that the trial court "shall [find] by a preponderance of the evidence" the existence of the criteria set forth in section 775.084(1)(a). These findings may be expressed on the record in a reported judicial proceeding or acknowledged in a written order. Parker v. State, 546 So.2d 727 (Fla. 1989). The instant record, however, discloses no findings. Moreover, there is an absence from the record of a presentence investigation report. It is impossible to detect whether the conditions supporting habitualization existed at the time of sentencing. Because the imposition of a habitual offender sentence affects eligibility for certain gain-time, see § 775.084(4)(e), Fla. Stat. (1989), compliance with section 775.084(3)(d) is essential.
Accordingly, we remand for the findings required by section 775.084. If such findings cannot be made, Rowland is to be sentenced pursuant to the agreement.
DANAHY, A.C.J., and CAMPBELL, J., concur.