595 So.2d 131 (1992)
Walter FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01915.
District Court of Appeal of Florida, Second District.
February 12, 1992.
James Marion Moorman, Public Defender, Bartow, and Cecilia A. Traina, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Monique T. Befeler, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
Walter Frazier appeals his conviction for possession of a firearm by a felon[1] and the sentence imposed thereafter. We affirm *132 the conviction, but reverse the sentence and remand for a new sentencing hearing.
After a nonjury trial on three felony charges, one of which was the firearms charge, the trial judge sentenced Frazier to a guidelines sentence of seven years in prison to be followed by eight years' probation. After the trial court imposed the sentence, the prosecutor informed the judge that Frazier had been noticed as a habitual felony offender. The trial court then stated, "I will find he has the requisite two prior felony convictions... . It's necessary for the protection of the public. Believe me, we need protection from him, that he be sentenced as a habitual offender for purposes of probation, not for purposes of the seven-year sentence."
The appellate record contains no evidence to show that the requirements of the habitual felony offender statute[2] existed at the time of sentencing. The sentencing took place immediately after the nonjury trial, and the above-referenced comments were the only statements made regarding habitual offender status. Defense counsel stipulated during the trial that the defendant had a prior felony conviction, and the defendant testified that he had been convicted of a felony twice. There was no evidence regarding the date of commission of the felonies or his date of release. The record is inconclusive as to whether certified copies of the prior convictions were in evidence at the trial. The state moved them into evidence but the court never ruled that they were admitted. The nonjury trial data sheet prepared by the clerk lists these certified copies of judgments as exhibits but the clerk never noted if any of the exhibits were received into evidence, and the circuit court did not send this court the trial exhibits. Moreover, the record does not contain a presentence investigation report. It, therefore, is impossible to ascertain from this record whether the requirements for habitualization existed at the time of sentencing. See Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991). Thus the sentence must be vacated. Because Frazier failed to object at trial, the state will have the opportunity to prove that Frazier meets the requirements of the statute. See Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991).
Reversed and remanded for resentencing.
PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] Frazier was also convicted in the same trial for attempted burglary of a structure and possession of burglary tools. Both of these sentences were to a term of probation, concurrent with the probation received on the firearms charge.
[2] Section 775.084, Florida Statutes (1989) provides:

Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties. 
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.