599 So.2d 721 (1992)
Dennis Garland BAXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01311.
District Court of Appeal of Florida, Second District.
May 27, 1992.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant was convicted of vehicular homicide, a third-degree felony in violation of section 782.071(1), Florida Statutes (1989). He was declared a habitual felony offender and received a split sentence of four years prison followed by six years probation. He contends that the trial court erred in sentencing him under the habitual felony offender statute. His position is that he should have been sentenced under the guidelines, in which case he would have received four years prison followed by one year probation, the statutory maximum being five years. We affirm.
Defendant's first argument is that he was improperly declared a habitual felony offender because certified copies of his prior convictions were not produced below. Generally, evidence of prior convictions in support of a habitual felony offender sentence must be produced in open court. Thomas v. State, 575 So.2d 308, 309 (Fla. 2d DCA 1991). However, Thomas is distinguishable because defendant failed to object in this case. Moreover, it appears that at the sentencing hearing defendant waived the issue because he conceded he had the *722 requisite prior felony record for habitualization under section 775.084(1)(a)1-2, namely two or more felonies, with at least one being within five years of the pending offense. In reviewing the PSI, the trial court stated that defendant was on parole (apparently with regard to an offense in Texas) when he committed the instant offense and noted the presence of several other prior convictions, including delivery of a controlled substance and some burglaries. Defense counsel objected only to a 1982 burglary and then said defendant "agrees that in '86, he got two six-year sentences and that he's currently doing ten years."
Defendant's second argument is that the trial court failed to make the findings provided for in sections 775.084(1)(a)1-4, as required by section 775.084(3). As noted above, defendant waived the section 775.084(1)(a)1-2 findings. The findings under section 775.084(1)(a)3-4 are that none of the prior qualifying felonies was either pardoned or set aside in a post-conviction proceeding. Although the trial court made no such findings, we conclude that no reversible error occurred because defendant failed to raise as an affirmative defense that his qualifying offenses were pardoned or set aside in a post-conviction proceeding. As the supreme court stated in Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980),
We ... reject [defendant's] contention that the State failed to prove that he had not been pardoned of the previous offense or that it has not been set aside in a post-conviction proceeding since these are affirmative defenses ... rather than matters required to be proved by the State.[1]
Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992) and Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991) do not require a different result, since those cases did not specifically address the criteria under section 775.084(1)(a)3-4. We certify conflict with Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992) and Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991) (on rehearing), which ruled to the contrary on the basis that section 775.084(3)(d) requires the trial court to make findings under 775.084(1)(a)3-4. We note that Hodges and Anderson certified the question to the supreme court in light of Eutsey.
Defendant's third argument is that probation is improper for a declared habitual felony offender. Contrary to the state's argument and unlike the situation in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), defendant has not accepted the benefit of probation and challenged it only after its violation. Nonetheless, his argument has been refuted by King. We certify conflict in this regard with State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992).
Defendant's fourth argument is that the trial court improperly relied upon an out-of-state conviction. We do not decide this issue because, as noted above, he waived the required statutory findings listed in section 775.084(1)(a)1-2. In any event, he failed to lodge an objection in the trial court on the issue. Thomas v. State, 595 So.2d 286 (Fla. 4th DCA 1992).
Affirmed.
SCHOONOVER, C.J., and PATTERSON, J., concur.
NOTES
[1] See also Florida Rules and Practice 383 (Fla. Bar CLE 3d ed. Jan. 1991) (commentary by John F. Yetter to Florida Rule of Criminal Procedure 3.750, "Procedure When Pardon Is Alleged As Cause For Not Pronouncing Sentence") ("Presumably, defendants would have the burden of showing that in fact they have been pardoned for the offense on which they are about to be sentenced... .").