608 So.2d 926 (1992)
Queen Tucker MOORE, a/k/a Queen Ledeal Moore, a/k/a Queen Tucker, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03675.
District Court of Appeal of Florida, Second District.
November 18, 1992.
James Marion Moorman, Public Defender, Bartow, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
Queen Moore appeals her convictions and sentences for attempted first-degree murder and shooting within a building. Although Moore raises five issues in this appeal, we find merit only in the two sentencing issues. Therefore, we affirm Moore's convictions, but reverse her sentences and remand this case for a new sentencing hearing.
The jury found Moore guilty of attempted first-degree murder with a firearm; thus, her sentence was enhanced to a life felony under section 775.087(1)(a), Florida Statutes (1989). Because the habitual offender statute, section 775.084, makes no provision for the enhancement of a life felony, the trial court erred in sentencing Moore as a habitual offender for that offense. See McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991). Therefore, we vacate this sentence and remand for resentencing *927 pursuant to the sentencing guidelines.
As to the sentence for the shooting within a building conviction, we conclude that the trial court failed to make the specific findings on the record pursuant to section 775.084, Florida Statutes (1989), to support the habitual felony offender sentence. See Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991). The state points out that defense counsel acknowledged that Moore qualified as a habitual offender.[1] However, defense counsel simply made a general statement agreeing that she could be classified as a habitual felony offender. It is impossible for this court to ascertain whether the requirements for a habitual felony offender sentence were met. See § 775.084(1)(a), Fla. Stat. (1989). The record contains a copy of a certified copy of only one felony conviction and no presentence investigation report. There is no mention in the record of a second conviction which would qualify under the habitual felony offender statute. Thus, we vacate this sentence and remand for a new sentencing hearing. Because Moore failed to object in the trial court that the requirements were lacking, the trial court on remand should permit the state to offer evidence concerning whether Moore should be considered as a habitual felony offender,[2] and thereafter resentence Moore. See Kerney v. State, 605 So.2d 159 (Fla. 2d DCA 1992); Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992). If the trial court finds that Moore meets the requirements of the habitual offender statute, the specific findings should be included in the record.
The sentences are reversed and remanded with directions.
PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] During the sentencing hearing, the trial court asked defense counsel if he agreed that Moore qualified as a habitual felony offender. Defense counsel responded, "I agree she could be so classified."
[2] See Taylor v. State, 576 So.2d 968 (Fla. 5th DCA 1991).