PER CURIAM.
The appellant raises two sentencing errors. We affirm without comment the sentence imposed upon him after he was found to qualify for treatment as a habitual offender. Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992). As in Baxter, we certify conflict with the First and Fourth Districts on this issue as represented by Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), and Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992).
We find merit, however, in the appellant’s second contention that fees for the services of the public defender were improperly assessed against him without an opportunity to object. Bull v. State, 548 So.2d 1103 (Fla.1989); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). Like Bourque, we reverse and direct that on remand the appellant shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken and a. new assessment shall not be imposed without notice and hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1).
We affirm his convictions and sentence, but strike the fee assessment, and remand for possible further proceedings as outlined above.
DANAHY, A.C.J., HALL, J., and ROBERTS, SUSAN W., Associate Judge, concur.