PER CURIAM.
The primary issue in this criminal appeal is whether appellant, Calvin McDonald, was improperly denied the right to represent himself and to make his own defense. The essential inquiries to be made by the trial court when a criminal defendant seeks to handle his own defense are outlined in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See also Jones v. State, 584 So.2d 120 (Fla. 4th DCA 1991); Fla.R.Crim.P. 3.111.
The inquiry made below did not satisfy these minimal requirements; thus denial of appellant’s request was reversible error. This error was made more egregious by the trial court’s refusal to grant a continuance to permit appellant to prepare his defense. See Valle v. State, 394 So.2d 1004 (Fla.1981); Stanojevich v. State, 567 So.2d 37 (Fla. 3d DCA 1990).
In the interest of judicial economy we address a sentencing error, although rendered moot by the foregoing determination. While there was discussion, at sentencing, of prior criminal convictions, there were no certified copies placed in evidence. The trial court declared appellant an habitual felony offender but did not make the requisite findings. As stated in State v. Rucker, 613 So.2d 460 (Fla.1993), expanded upon in Herrington v. State, 622 So.2d 1339, 1340-41 (Fla. 4th DCA 1993) (en banc), a harmless error analysis may be appropriate in these cases where the trial court fails to make the statutory findings. However, section 775.084(l)(a), Florida Statutes (1991), requires the trial court to make factual findings, and this requirement has not been eliminated by the case law. The present case illustrates the danger of failing to make such findings. We are unable to tell, on this record, whether the timing of the convictions qualifies under the statute. Thus, but for the previous error, we would have reversed and remanded for resentencing in any event. Judicial economy is better served by adherence to the statutory requirements.
REVERSED AND REMANDED.
DELL, C.J., and ANSTEAD and HERSEY, JJ., concur.