625 So.2d 973 (1993)
Carl Percy LIVERNOIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02635.
District Court of Appeal of Florida, Second District.
October 22, 1993.
*974 James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Carl Percy Livernois, challenges the judgments and sentences imposed upon him after he was found guilty, as charged, of armed burglary, armed robbery, and kidnapping. The appellant has failed to demonstrate reversible error in connection with any issues he has raised concerning his convictions. We, accordingly, affirm those convictions without further discussion. We agree, however, with the appellant's contention that the court erred in sentencing him.
The appellant, after being found guilty by a jury, was adjudicated guilty and sentenced as a habitual violent felony offender to three consecutive terms of life imprisonment for the above mentioned offenses. Three consecutive minimum mandatory terms of fifteen years each were also imposed upon the appellant.
The appellant contends, and the state concedes, that the trial court erred in sentencing him as a habitual violent felony offender and by imposing consecutive minimum mandatory sentences. We agree.
Section 775.084(3)(d), Florida Statutes (1989), requires the court to find by a preponderance of the evidence the existence of each factor necessary to impose a habitual felony offender sentence pursuant to section 775.084(1)(a) or a habitual violent felony offender sentence pursuant to section 775.084(1)(b). In this case, the court failed to make the specific findings required by section 775.084(3)(d) before sentencing the appellant pursuant to section 775.084(1)(b). See Moore v. State, 608 So.2d 926 (Fla. 2d DCA 1992); Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991). The court simply stated that "the documentation that has been filed with the Court supports a finding, and the Court so finds that [appellant] is a habitual violent felony offender." This statement does not satisfy the statutory requirement for specific findings. See Harper v. State, 605 So.2d 994 (Fla. 5th DCA 1992).
We are also unable to discern from the record presented to us whether the factors required to support habitualization existed at the time of sentencing. § 775.084(1)(b); Moore; Rowland. See McDonald v. State, 622 So.2d 70 (Fla. 4th DCA 1993).
Upon remand, if the court makes the requisite findings it may sentence the appellant as a habitual felony offender or a habitual violent felony offender. See Moore. We remind the court, however, that since all of the offenses occurred during a single criminal episode, any minimum mandatory terms contained in the sentences must be ordered to be served concurrently. See Daniels v. State, 595 So.2d 952 (Fla. 1992); Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992).
Affirmed in part; reversed in part; and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.