CAMPBELL, Judge.
In this Anders appeal, appellant’s public defender has raised possible sentencing and plea issues. We find no merit in the plea issue, but we vacate the sentence and remand for a new sentencing hearing so that appellant’s prior record may be properly placed into evidence for purposes of the habitual offender statute.
Appellant negotiated a plea of guilty to five counts of sale of cocaine. The plea specified that he would be found to be a habitual offender and would be sentenced to a maximum of eight years in prison. Although the habitual offender statute requires that a defendant have two prior felonies before being declared a habitual offender, the record contains a certified copy of only one prior felony that is cognizable under the habitual offender statute. The record contains certified copies of an April 18, 1988 judgment and sentence for grand theft (a third degree felony); an April 29, 1976 judgment and sentence for misdemeanor possession of a controlled substance; and a July 21, 1988 Pennsylvania conviction for receiving stolen property (felony or misdemeanor status unclear). Although appellant’s attorney makes several references to a 1975 Florida felony conviction, the record contains no certified copy of that conviction, nor does the scoresheet include points for such a conviction[1].
Although the felony grand theft conviction may be used in reaching a habitual offender determination, the misdemeanor conviction may not. § 775.084(l)(a), Fla. Stat. (1991). The Pennsylvania conviction *35 may not be used either because appellant’s primary offense was committed within the window period between October 1, 1989 and May 2, 1991 when, according to State v. Johnson, 616 So.2d 1 (Fla.1993), the amendments to the habitual offender statute were unconstitutional. Since those amendments (chapter 89-289, effective October 1, 1989) had allowed out-of-state convictions to be used in arriving at a habitual offender status, appellant’s Pennsylvania conviction may not be used. This leaves only the grand theft conviction. Since the habitual offender statute requires two prior felony convictions (§ 775.084(l)(a)l., Fla.Stat. (1993)), we vacate appellant’s sentence and remand for resen-tencing so that all convictions may be properly considered. See Moore v. State, 608 So.2d 926 (Fla. 2d DCA 1992).
RYDER, A.C.J., and THREADGILL, J., concur.

. Although the state suggests that the scoresheet does include points for a 1975 felony conviction, our review reveals that it does not. The score-sheet includes as prior record three felonies and three misdemeanors. The three felonies listed are: "Deliver/Distribution Controlled Substance”; Grand Theft; and Receiving Stolen Property. The conviction for receiving stolen property is clearly the Pennsylvania conviction, and the grand theft conviction is correct. However, the offense listed as "Deliver/Distribution Controlled Substance" must be the misdemeanor since none of the three misdemeanors are listed as possession of a controlled substance. The confusion probably arises because appellant was charged with felony possession of cannabis, but was convicted of misdemeanor possession.