PER CURIAM.
Evelyn Green pled guilty in three separate felony cases. She has raised four issues on appeal, only one of which has merit. We reverse her sentence and remand for resen-tencing because the trial court failed to make *275 the specific findings required under the habitual offender statute, section 775.084, Florida Statutes (1991). We affirm on all other issues.
The trial court sentenced Green at a hearing on December 10, 1992. Apparently, this was a continuation of a prior sentencing hearing held in either October or November of that year. At the December hearing, the court asked the state if it had submitted certified copies of the predicate convictions for habitual offender sentencing. The prosecutor replied that she had done so at the prior hearing. The clerk then said “Judge, I admitted them as evidence. They are in the vault downstairs.” In adjudicating Green a habitual offender, the court stated “I will make a finding, based on what’s in the record and the certified convictions, that she does qualify to be treated as a habitual felony offender under the statute, and I will treat her as a habitual felony offender.”
Without copies of the convictions in front of her, the trial judge could not determine whether the predicate convictions were felonies or other qualified offenses that had been committed within five years of the offenses for which she was sentencing Green. § 775.084(l)(a), Fla.Stat. (1991). She did not and could not, therefore, make the specific findings the statute requires. § 775.084(3)(d), Fla.Stat. (1991). Moreover, because copies of the convictions were not included in this record, we are unable to discern whether factors supporting habituali-zation existed at the time of sentencing. Livernois v. State, 625 So.2d 973 (Fla. 2d DCA 1993). As such, we cannot ascertain whether the trial court’s failure to make specific findings was harmless error. Herrington v. State, 643 So.2d 1078 (Fla.1994) (trial court’s failure to make the findings required under section 775.084(l)(a) subject to harmless error analysis).
Accordingly, we reverse Green’s sentence and remand for resentencing. Upon remand, if the lower court makes the requisite findings, it may again sentence Green as a habitual offender. Livernois; see also Moore v. State, 608 So.2d 926 (Fla. 2d DCA 1992).
Affirmed in part, reversed in part and remanded.
RYDER, A.C.J., and PATTERSON and FULMER, JJ., concur.