699 So.2d 319 (1997)
Kenneth LOWENTHAL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00746
District Court of Appeal of Florida, Second District.
September 19, 1997.
James Marion Moorman, Public Defender, and Kendra D. Presswood, Assistant Public Defender, Bartow, for Appellant.
Kenneth Lowenthal, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the public defender has suggested several arguments, one of which has merit. Lowenthal also has filed a pro se brief discussing the same issues. We affirm on all issues which were raised except for the habitual violent felony offender sentence. Our independent review of the record reveals that the trial court erred by classifying Lowenthal as a habitual violent felony offender *320 without substantiated proof of his prison release date.
Although the defense attorney agreed at the November 1995 sentencing hearing that Lowenthal qualified for this classification, there is no evidence in this record of the date of Lowenthal's release from prison. It was error for the trial court to make this determination without sufficient evidence before the court. In Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996), this court noted that the state must furnish proof of the following three dates: (1) the date of the current felony offense, (2) the date of the conviction for the last prior felony, and (3) the date that the defendant was released from prison imposed for the last felony conviction, regardless of whether the defendant was released on parole or community control. See also § 775.084(1)(a)2, Fla. State. (1995). Furthermore, in Moore v. State, 608 So.2d 926, 927 (Fla. 2d DCA 1992), this court held that defense counsel's general statements that the defendant could be classified as a habitual felony offender did not waive the duty of the trial court to make specific findings on the record that the defendant met the requirements.
Accordingly, we vacate the habitual violent felony offender sentence and remand for a new sentencing hearing. Because the defense failed to object to the trial court's classification of Lowenthal as a habitual violent felony offender on the grounds that the court did not have sufficient evidence of the release date, the trial court, on remand, should permit the state to present substantiated proof of a prison release date. Thereafter, the trial court can determine whether Lowenthal meets the requirements and, if so, sentence him again as a habitual violent felony offender. See Davis v. State, 588 So.2d 289 (Fla. 2d DCA 1991).
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., concur.