712 So.2d 409 (1998)
Eddie Michael BELLAMY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03805.
District Court of Appeal of Florida, Second District.
April 24, 1998.
Richard Escobar of Richard Escobar, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Eddie Bellamy appeals his conviction for delivery of cocaine, and his sentence as a *410 habitual felony offender. We find no merit in his challenges to the conviction, and affirm it without discussion. We do agree that the trial court erred in sentencing Bellamy as a habitual felony offender.
To qualify a defendant as a habitual felony offender, the State must prove that "[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the defendant's last prior felony" or "within 5 years of the defendant's release ... from a prison sentence or other commitment imposed as a result of a prior conviction for a felony ..., whichever is later." § 775.084(1)(a) 2., Fla. Stat. (1995). The offense in this case was committed on April 3, 1996. Therefore, the State was required to prove that Bellamy was convicted of a felony or released from supervision on a felony conviction after April 3, 1991. But when the trial court inquired about Bellamy's previous convictions, the prosecutor responded merely that "[t]he most current felony is possession in 1991. Most current as far as [habitual felony offender treatment] would be 1990." The State did not prove the dates on which Bellamy was sentenced for those felonies, or when, if sentenced, he was released from prison. The record does not contain certified copies of the 1990 or 1991 convictions.
The court is required to make findings on the record that a defendant qualifies for habitual offender treatment. The judge here merely stated that he found "a factual basis for him to be treated as an Habitual Felony Offender." This did not comply with the statute. See Smith v. State, 651 So.2d 1218 (Fla. 2d DCA 1995). We realize that a failure to make specific findings in such matters can be harmless error. See Herrington v. State, 643 So.2d 1078 (Fla.1994). But in Bellamy's case the dates of his previous convictions could have been more than five years before the date of the current offense. Without copies of those convictions, or evidence of when Bellamy was released from supervision, we cannot say that Bellamy qualified as a habitual felony offender, and we cannot determine that the trial court's failure to make specific findings was harmless.
The State contends Bellamy has waived this issue because he failed to object to the predicate convictions. We disagree. In a very similar case, Lowenthal v. State, 699 So.2d 319 (Fla. 2d DCA 1997), we held it was the State's obligation under section 775.084 to prove both the conviction date of the defendant's last felony and the date he was released from prison. We reversed Lowenthal's sentence even though he had not objected to the insufficiency of the evidence to qualify him as a habitual offender. Bellamy's habitual offender sentence must be reversed, as well. Because Bellamy failed to object, on remand the State shall be permitted to present evidence of the dates of his convictions, or the dates of his release from prison. If the State submits proof sufficient to designate Bellamy a habitual felony offender, the court may resentence him as one. See Id. at 320.
Conviction affirmed, sentence reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.