THOMPSON, Judge,
Terry Joseph Grimes appeals his sentencing as a habitual felony offender.
Grimes argues that the only two qualifying felonies which formed the bases for his adjudication as a habitual offender were from the same violation of probation case and were entered on the same date. Grimes asserts that the habitual felony offender statute, section 775.084(l)(a), Florida Statutes (1995), requires two prior felony convictions. See White v. State, 637 So.2d 34 (Fla. 2d DCA 1994). However, he argues, a habitual offender sentence cannot be based on prior convictions which were entered on the same date. See Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995). The state argues that there were additional qualifying felonies which were not from the same case. We affirm.
Grimes was on probation in case number 95-11822 for three charges. The first was battery on a person over 65, a violation of sections 784.03, 784.08(2)(c), Florida Statutes. The victim was his mother. The other charges were resisting arrest with violence, a violation of section 843.01, and driving while license revoked, a violation of section 322.34(1).
Grimes was sentenced after violating probation by committing aggravated assaults against his parents, both of whom were over 65. His parents testified during the hearing that he threatened them with a metal rod and a knife. Grimes was convicted of violation of probation and sentenced to twenty-four months in the Department of Corrections, followed by three years probation. At Grimes’ sentencing, the trial court found by a preponderance of the evidence that Grimes had been previously convicted in Brevard County of grand theft, a third-degree felony; in Broward County of grand larceny, a third-degree felony; in Utah of robbery and auto theft, both felonies; as well as the felony of battery on the elderly. Proof of these convictions consisted of certified docket sheets, entries in Grimes’ PSI, and Grimes’ testimony in a court proceeding. In the court proceeding, he admitted being sentenced and serving time in prison for the felonies used by the trial court for habitualization. A thorough review of the record supports the trial court’s finding that there were more than two prior qualifying felonies other than those in case number 95-11822. We find no error.
AFFIRMED.
COBB and ANTOON, JJ., concur.