742 So.2d 352 (1999)
Donnie SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1767.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
*354 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Smith was convicted and sentenced for grand theft of a boat, motor and trailer.[1] The trial court sentenced him as a habitual offender to ten years imprisonment, consecutive to other sentences to be imposed on charges pending before the court. On appeal, Smith argues there was insufficient evidence to sustain an inference that he stole the items charged, and thus the jury instruction on this issue was improper; that prosecutorial misconduct occurred which requires he be given a new trial; that his habitual felony offender sentence lacked the proper predicate; and that the court punished him by imposing a consecutive sentence because he demanded a jury trial. We reverse the habitual offender aspects of the sentence, but affirm in all other respects.
The evidence at trial established that an 18-foot, fiberglass bass boat, motor and trailer, owned by Dale Bader, were stolen from Bader's Orlando condominium in May of 1997. He parked his boat, motor and trailer there after the boat had been repaired. Bader notified the Orange County Sheriff's Office, and filed a report, which included the serial numbers on the boat, motor and trailer.
In August of 1997 police officers went to Smith's home to serve him with a warrant in another case. One of the officers noticed a fiberglass boat parked on the side yard, to the right of the house. The officer located registration numbers on the boat, and serial numbers on the boat and motor, but there were no numbers on the trailer. Instead, the officer noticed something had been removed from the trailer in the area where the serial number should have been.
The officer checked the registration and serial numbers, and discovered they referred to a 12-foot, aluminum jon boat. The serial numbers revealed that the boat had been stolen. When Smith heard the officer checking the numbers on the boat, he volunteered that he had gotten the boat from someone named "Jerry" off Boggy Creek Road, and that Jerry, in turn, had Smith's truck. Smith failed to provide any more information regarding this individual. Smith also volunteered that he had put fake registration numbers on the boat so nobody would know what was "going on."
We first address Smith's claims that there was insufficient evidence to support the inference he knew or should have known the property was stolen, and that the jury instruction on the inference was erroneously given. Smith claims the only evidence that he stole the boat, motor and trailer arose solely from his possession of them. He argues his explanation that "Jerry" had given them to him was sufficient to rebut any inference that he had stolen them. Unless satisfactorily explained, proof of possession of recently stolen property gives rise to the inference that the possessor knew, or should have known, that the property was stolen. T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992). This inference is sufficient to establish theft.[2]
Possession of recently stolen property gives rise to two separate inferences: *355 First, that the person in possession of the property stole it; and second, the person knew or should have known that the property was stolen. § 812.022(2), Fla. Stat.[3]; T.S.R.; Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986). The statutory presumption, standing alone, is sufficient to sustain the conviction. T.S.R. However, the possession must be unexplained or the explanation given must be unsatisfactory. N.C. v. State, 478 So.2d 1142 (Fla. 1st DCA 1985).
The reasonableness of the defendant's explanation is generally a question of fact for the jury. Boone v. State, 711 So.2d 594, 596 (Fla. 1st DCA 1998); Coleman v. State, 466 So.2d 395, 397 (Fla. 2d DCA 1985). But where a reasonable explanation for possession of recently stolen property is totally unrefuted, and there is no other evidence of guilt, the court must grant a directed verdict for the defendant. Coleman at 397. The initial determination that the explanation is reasonable or credible is left to the judge. If, however, the explanation is only arguably reasonable, or if there is any evidence which places it in doubt, it should be left to the jury to determine the defendant's guilt, and an instruction on the inference of possession of recently stolen property is proper. Anderson v. State, 703 So.2d 1105 (Fla. 5th DCA 1997).
Smith's explanation that someone named "Jerry" gave him the boat was not credible, particularly in light of the other incriminating statements he volunteered to police officers regarding the fake registration numbers. Furthermore, Smith did not testify and present evidence on this matter. Instead, any evidence regarding Smith's explanation of how he came to possess the stolen items come from the police officers. Explanations that an unknown third party gave the accused stolen property have been found to be unsatisfactory. See Patten v. State, 492 So.2d 748 (Fla. 2d DCA 1986); J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984). The trial court properly determined that the explanation was not reasonable, and denied the motion for a directed verdict. Coleman at 397. The trial court acted properly in this regard, and we find no error.
We next address Smith's claim that the trial court erroneously sentenced him as a habitual felony offender because the felony offender convictions offered did not satisfy the statutory requirements of section 775.084(1)(a), Fla. Stat. (1997). Bellamy v. State, 712 So.2d 409 (Fla. 2d DCA 1998). The statute requires that the defendant must have been convicted of any combination of two or more felonies in this state, or other qualified offenses. A qualified offense is defined as any offense which is substantially similar in elements and penalties to an offense in this state, which is in violation of the law of the other jurisdiction, and which is punishable by imprisonment exceeding one year. § 775.084(1)(d). In addition, the statute requires that the felony for which the defendant is being sentenced and habitualized must have been committed: (a) while the defendant was serving a prison sentence or other commitment; or (b) within five years of the date of conviction of the last prior felony (or within five years of release from prison or other commitmentwhichever is later).
At the sentencing hearing, Smith's attorney objected to scoring a 1979 federal offense as one of the two predicate offenses, because there was no evidence connecting Smith to the conviction. Without copies or evidence of the convictions it is not possible to determine whether a defendant qualifies as a habitual offender. Bellamy. The court found the 1979 conviction unnecessary because Smith also had a 1997 conviction for possession of a firearm, *356 and a 1994 conviction for two counts of possession of cocaine.
The court stated its belief that there were a total of three convictions because the 1994 conviction involved two counts. It enhanced Smith's sentence utilizing the 1994 and 1997 convictions as predicate offenses. However, defense counsel correctly argued that the 1994 conviction involving two counts could only count as one conviction,[4] and that the 1997 conviction was for an offense which occurred after the commission of the offense for which Smith was being sentenced.
The first district has taken the position that to qualify as a predicate offense, both the commission of the offense and conviction for it, must have occurred prior to sentencing for the offense for which a habitual sentence is sought to be imposed. Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). See also Hall v. State, 738 So.2d 374, 1999 WL 410314 (Fla. 1st DCA 1999); Elmer v. State, 732 So.2d 21 (Fla. 1st DCA 1999), § 775.084(5), Fla. Stat. (1997). Subsection (5) was added to the statute in 1993 after the supreme court held that sequential convictions were not required by the habitual offender statute. State v. Barnes, 595 So.2d 22 (Fla.1992). The statute provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony. (emphasis added)
Prior to Barnes, sequential convictions and sequential offenses were required. The first district concluded that because the statute requires that sentencing for the predicate offense must be prior to the commission of the offense for which the defendant is being sentenced, "then if follows that the commission of the predicate felony must also precede the commission of the current offense." Rhodes at 1083 (emphasis added). We agree with Rhodes, and reverse the habitual sentence and remand for resentencing.
We find the remaining points on appeal to be without merit.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 812.014(1), Fla. Stat. (1997).
[2] The theft statute, § 812.014(1) requires that:

A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property. (Emphasis added)
[3] § 812.022(2) provides:

Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
[4] § 775.084(5), Fla. Stat. (1997).