PER CURIAM.
Roberto Miguel Torres appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). He seeks to overturn his adjudication as a habitual offender, arguing that certified copies of his prior convictions were not introduced at the hearing, but the trial judge requested that they be filed after the hearing.
This court has held that a challenge to a habitual offender adjudication must be brought under Florida Rule of Criminal Procedure 3.850, not Rule 3.800(a), and is subject to the Rule 3.850 two-year time limit. See Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999), review granted, number 95,649 (Fla. Oct. 26, 1999); see also Moore v. State, 748 So.2d 1094 (Fla.App. 3d DCA Jan. 12, 2000). Contra Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) (en banc). The claim is time-barred.
Assuming arguendo that there is no procedural bar, the claim is without merit. We have taken judicial notice of this court’s file in Torres v. State, number 99-1413, which contains the original plea colloquy. During that colloquy, defendant admitted the existence of each of the convictions which the trial court relied on for habitualization. There was no objection to the procedure followed by the trial court. The failure to introduce certified copies at the hearing was entirely harmless and is not a basis for declaring the sentence “illegal” under Rule 3.800(a).
Affirmed.