HARRIS, J.
After offering Byrd a thirty year sentence if he pled, an offer Byrd rejected, the court, after trial (and after pleas to other charges), sentenced Byrd to seventy-five years. Byrd, whose original appeal *312 was submitted on an Anders brief with Byrd being denied the opportunity to file a separate brief, now claims ineffective assistance of appellate counsel and seeks a belated appeal. We agree and authorize a belated appeal.
We take no position on whether Byrd’s sentence is too harsh. Indeed, his record deserves a serious sentence. The problem with the sentence entered herein is created by the judicial plea negotiating which took place in this case. We recognize that in State v. Warner, 762 So.2d 507 (Fla.2000), the supreme court specifically rejected the federal rule, the standards of the American Bar Association and the law of a majority of the other states in order to adopt a modified form of judicial plea negotiating in Florida. The Florida procedure is really not plea negotiating at all; it is pre-trial judicial determination of an appropriate sentence for the offense.[1] As stated in Warner (at page 514):
The judge may state on the record the length of sentence which, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
Hence, this pre-trial determination of the appropriate sentence for the offense should be entered whether the defendant accepts the plea or goes to trial unless, if defendant goes to trial, something additional appears in the record which was unknown to the judge at the time of the evaluation and such additional matter justifies the increased penalty.
Here, the trial judge knew the defendant had a terrible record. Although the State had always sought an enhanced sentence for Byrd, the following appears in the record:
Mr. Bankowitz: As I indicated to the court, Mr. Byrd asked me what the court’s inclination would be for a plea to the bench, and your honor indicated 30 years.
The Court: From what I understand from the State, and I haven’t seen the score sheet, but apparently he’s not pure driven snow and his score sheet comes out more than 15 years. So, I think 30 years is a fair offer, considering what you would do is over 100 years, and this isn’t your first robbery.
Frankly, I think — Good God, he’s got numerous armed robberies.
Mr. Bankowitz: They all arise out of one plea.
The Court: Well, there you go. They all count, though. I think 30 years is a steal. He certainly won’t get that low if he goes to trial. His record is horrendous.
This was truly a plea “deal” in which the court offered one sentence if defendant pled and another if he insisted on his right to go to trial. Warner specifically rejects this approach:
To avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant’s right to trial.
Although it is true that at the time of sentencing there were additional offenses before the court, defendant might legitimately be concerned that the overall sentence was harsher than it would otherwise have been because he elected to go to trial. Did the additional charges pled to, in comparison to the record known to the judge at the time of the judicial offer for plea, justify the additional 45 years?
A word of caution to negotiating judges: Even though there are no longer restraints on your up-front evaluation of the case for plea purposes, even over the State’s objections, you will have estab *313 lished a presumptive sentence for the offense even if defendant goes to tñal. If the after-conviction sentence is greater, then appellate courts should examine carefully the judge’s reasons for the enhanced sentence to assure that there has been no penalty imposed for the defendant’s exercising his constitutional right to trial.
PETITION for belated appeal GRANTED.
PLEUS, J., concurs.
GRIFFIN, J., Dissents without Opinion.

. Since this is a pre-trial sentence determination instead of sentence negotiating, it is doubtful that it would violate any rule or standard. "You'll get two years whether you plead or go to trial” is hardly a plea incentive. Indeed, it appears counter-productive to obtaining a plea.