PER CURIAM.
Larry B. Harrell appeals the summary denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the facts as alleged by Harrell entitle him to relief, and the record before this court does not refute his allegations, we reverse.
Harrell pleaded no contest to the charge of felon in possession of a firearm and was sentenced as a habitual offender to fifty months in prison. Harrell alleges that he did not qualify as a habitual offender because the offense for which he was habitu-alized did not occur within five years of the date of his last conviction, as required by section 775.084(l)(a), Florida Statutes (1997). The trial court denied the motion, finding that a July 28, 1997, conviction of battery on an emergency health care provider brought Harrell within the ambit of the statute.
Harrell pleaded to the charge of felon in possession of a firearm on March 12, 1998, and was sentenced on April 30, 1998. Harrell alleges that he committed this offense on February 12, 1997. Harrell was convicted of the predicate offense, battery on an emergency health care provider in July 1997, after the alleged date of the commission of the possession offense. Harrell’s other qualifying convictions were entered in 1989. Nothing in the record refutes the allegations concerning the dates of the offenses.
The trial court reasoned that because Harrell was convicted of the battery on an emergency health care provider prior to the conviction for felon in possession of a firearm, the battery could serve as the predicate offense. However, if the facts are as alleged by Harrell, the trial court erred in its conclusion.
Section 775.084(5), Florida Statutes (1997), provides in part, “[i]n order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense ...” Harrell’s July 1997 conviction for battery on an emergency health care provider occurred after, rather than before, the alleged date of the offense of felon in possession of a firearm, February *1188 12, 1997. If Harrell’s assertions concerning the dates of his offenses are accurate, he should not have been sentenced as a habitual offender. See Smith v. State, 764 So.2d 571 (Fla.2000); Smith v. State, 742 So.2d 352 (Fla. 5th DCA 1999).
On remand, the trial court must examine the court file to determine if Harrell’s allegations are correct. If they are, Harrell must be resentenced in accord with the applicable sentencing guidelines.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL and BLUE, JJ„ Concur.