776 So.2d 317 (2001)
Victor BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-565.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
Rehearing Denied February 7, 2001.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The issue presented in this case is whether the trial court erred in sentencing appellant, Victor Boyd, as a habitual felony offender over defense objection to appellee's failure to prove the date of appellant's release from prison. We agree with appellant in this case and reverse and remand for resentencing.
Prior to trial, the state filed a notice of its intent to declare appellant a habitual felony offender, habitual violent felony offender and/or violent career criminal. At the conclusion of the trial, the jury returned a verdict of guilty as charged in the Information on the charge of possession of a firearm by a convicted felon.
At the sentencing hearing, the court was presented with the presentence investigation report (PSI). The court asked defense counsel if there were any objections or corrections to the report. Defense counsel listed several items, but did not contend that appellant's release date from prison was inaccurate. The court made the presentence investigation report a court record, as Court Exhibit I.
The state moved to have appellant declared a habitual violent felony offender. Defense counsel argued that appellant did not qualify as a habitual violent felony offender, but conceded that he was "habitual qualified." The state presented three *318 judgments of conviction (aggravated battery with a firearm, possession of cocaine, possession of cocaine and misdemeanors) which its fingerprint examiner testified contained fingerprints that matched appellant's known prints taken from the judgment of conviction in this case. Defense counsel conceded that none of these convictions had been reversed.
The state then sought to use the information contained in the PSI as evidence to prove that appellant's release date from prison was on December 27, 1996. Defense counsel objected to the evidence as to appellant's last release from prison on hearsay grounds. At the time of the sentencing hearing, the state had not yet received a letter from the Department of Corrections confirming appellant's release date from prison. The state argued that the PSI was sufficient since defense counsel had already stipulated to the correctness of the information contained in the PSI and that it was a part of the court record.
The court stated that it would take into consideration the fact that defense counsel previously indicated that there were no corrections to the PSI and asked that the state supplement the file with proof corroborating that there was a recent release date from prison on the date referred to in the PSI. The court stated that it had "no problem[ ] finding that the defendant qualifies as a habitual offender," and sentenced appellant as a habitual felony offender.
Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. See § 775.084(1)(a)2.a., Fla.Stat. (1999); see also Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000). Thus, the state must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. See Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997).
The offense in this case was committed on June 3, 1999. Therefore, the state was required to prove that appellant was convicted of a felony or released from prison on a felony conviction after June 3, 1994.
In Lowenthal, although defense counsel agreed at the sentencing hearing that the defendant qualified as a habitual violent felony offender, there was no evidence in the record of the date of the defendant's release from prison. The court held that because the defendant failed to object to the trial court's classification of defendant as a habitual violent felony offender on the grounds that the court did not have sufficient evidence of the release date, the trial court, on remand, should permit the state to present substantiated proof of a prison release date. See id. At such time, if the trial court determines that the defendant meets the requirements for habitualization, it can then sentence him again as a habitual violent felony offender. See id.; see also Bellamy v. State, 712 So.2d 409 (Fla. 2d DCA 1998).
In this case the evidence was insufficient to prove appellant's release date from prison. The court admitted the PSI as an exhibit which reflected appellant's release from prison as being on December 27, 1996, even though the state had not yet submitted its letter from the Department of Corrections confirming appellant's actual release date. Defense counsel properly objected to the use of the PSI on hearsay grounds and claimed that it was insufficient to prove appellant's last release date from prison. Although defense counsel *319 admitted that appellant qualified as a habitual offender and did not dispute the finding in the PSI, under Lowenthal, it is the state's affirmative obligation to prove certain requirements in order for a defendant to qualify as a habitual offender. It was error for the court to qualify and sentence appellant and request that the state supplement the file after the fact with the necessary proof of appellant's release date. Because the state did not sufficiently prove appellant's release from prison, we must reverse and remand for resentencing. See Lowenthal, 699 So.2d at 320. In keeping with Lowenthal, the trial court, on remand, should permit the state to present substantiated proof of a prison release date. If appellant meets the requirements for habitualization, the trial court can again sentence appellant as a habitual felony offender. See id.
REVERSED AND REMANDED FOR RESENTENCING.
STONE and HAZOURI, JJ., concur.