795 So.2d 262 (2001)
Tory A. MORSS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3103.
District Court of Appeal of Florida, Fifth District.
September 28, 2001.
Spencer Rhodes, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Appellant was found guilty of the second degree felony of being a convicted felon in possession of a firearm. He was sentenced to 25 years incarceration as an habitual felony offender. While we affirm his conviction, we reverse his habitual offender sentence because requisite proof of his qualifications as an habitual offender was not presented.
At trial, the appellant admitted that he had had four prior felony convictions. At sentencing, the state attorney gave the case numbers of each of the convictions and introduced a presentence investigation report (PSI) prepared by the Department of Corrections. Within that report were highlighted four felony convictions. Although appellant did not dispute that he had four prior felony convictions, he nonetheless asserted that the state had failed to meet its burden of showing he was an habitual offender because it failed to present *263 copies of his judgments and sentences. The trial court overruled appellant's objection, noting that he had testified at trial that he was guilty of four felony convictions and that the PSI presented by the state likewise showed he had four felony convictions.
In Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001), the court noted:
Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. See § 775.084(1)(a)2.a., Fla. Stat. (1999); see also Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000). Thus, the state must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. See Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997).
Although the appellant in the instant case conceded he had committed prior felonies, he did not concede that the felony for which he is being sentenced was committed within five years of his last felony conviction, or within five years of his release from prison or supervision for a felony offense. § 775.084, Fla. Stat. (2000). The state also had the obligation of showing that neither the instant offense nor either of the prior offenses being used to habitualize is a "violation of s. 893.13 relating to the purchase or the possession of a controlled substance." § 775.084(1)b.3.; c.f. Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980) (state not obligated to prove prior convictions set aside or pardoned; rather, such are affirmative defenses). Given the objection made by the appellant, the state should have provided copies of appellant's qualifying convictions. Green v. State, 647 So.2d 274 (Fla. 2d DCA 1994) ("because copies of the convictions were not included in this record, we are unable to discern whether factors supporting habitualization existed"); Landreth v. State, 739 So.2d 1198 (Fla. 2d DCA 1999); c.f. Torres v. State, 751 So.2d 701 (Fla. 3d DCA 2000) (failure to introduce certified copies of prior convictions harmless where no objection made).
We accordingly reverse the sentence imposed and remand for resentencing. As in Boyd, the trial court, on remand, should permit the state to present substantiated proof of appellant's qualifications as an habitual offender.
SENTENCE REVERSED; REMANED.
THOMPSON, C.J., and PETERSON, J., concur.