PER CURIAM.
Albert Hallmon appeals his conviction by a jury for robbery with a firearm and his sentence as a habitual violent felony offender. We affirm Hallmon’s conviction without discussion of the issues raised but remand for re-sentencing.
Hallmon argues and the State concedes that it failed to prove that Hallmon was previously convicted of a qualifying felony or the date of his release from a prior sentence. See § 775.084(l)(b)2.a, Fla. Stat. (1997). Since the State failed to submit the predicate evidence for purposes of habitual violent felony offender sentencing, the sentence must be reversed and the case remanded for re-sentencing.
Because Hallmon’s counsel did not object to the trial court’s habitualization of Hallmon, on remand the State should be permitted to present evidence of the predicate conviction. See Boyd v. State, 776 So.2d 317, 319 (Fla. 4th DCA 2001).
Because Hallmon must be re-sentenced, we do not address the issue raised by him concerning the length of his sentence and the decisions in State v. Warner, 762 So.2d 507 (Fla.2000), and Byrd v. State, 770 So.2d 311 (Fla. 5th DCA 2000).
AFFIRMED in part; REMANDED for re-sentencing.
STONE, GROSS and HAZOURI, JJ, concur.