PER CURIAM.
This appeal arises from the sentence imposed upon Ronald Orchowski following his no contest plea to violations of the probation imposed in lower court case numbers 95-18432CF10B and 96-14400CF10A and to the substantive criminal charges brought in case number 03-2587CF10A. At sentencing, a single 1994 guidelines score sheet was utilized for the 1995 and 1996 cases, and a second Criminal Punishment Code score sheet was utilized for the 2003 case. The 1994 score sheet included four “legal status” points. For the 1995 and 1996 cases, the trial court imposed the minimum prison sentence as calculated on the score sheet. In this appeal, as in his 3.800(b) motion, Or-chowski seeks reversal of that sentence, arguing that “legal status points are assessed by looking to whether the defendant was on probation at the time he committed the offense — not the time of sentencing, see Florida Rule of Criminal Procedure 3.701(d)(6); that there was no evidence at the sentencing hearing that he was on probation at the time the 1995 and 1996 crimes were committed; and, thus, that he is entitled to be resentenced.
The State has conceded that Orchowski is entitled to be resentenced under a corrected score sheet. We thus reverse the sentence imposed for the 1995 and 1996 lower court case numbers and remand for resentencing. On remand, the State shall have the opportunity to present evidence demonstrating that the legal status points were, in fact, correctly included on the score sheet. Cf. Cameron v. State, 807 So.2d 746 (Fla. 4th DCA 2002) (reversing HFO sentence where State failed to present evidence of predicates for HFO sentencing, but permitting State to present such evidence on remand as resentencing is a new proceeding); Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992) (following reversal and remand for resentencing, State would have opportunity to present evidence demonstrating defendant qualified for HFO sentence as defendant failed to object to deficiencies in proof at initial sentencing).
SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.