691 So.2d 17 (1997)
Craig OLSEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-153.
District Court of Appeal of Florida, Third District.
March 26, 1997.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Joni Braunstein, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and SORONDO, JJ.

*18 EN BANC
*18 GODERICH, Judge.
The defendant, Craig Olsen, appeals from his conviction for sexual battery, aggravated assault, and resisting arrest without violence, and from his sentence as a habitual felony offender. We affirm, in part; reverse, in part, and remand for further proceedings.
The defendant contends that the trial court erred by denying his motion for judgment of acquittal as to the charge of resisting arrest without violence. We disagree.
The only evidence adduced at trial to support the charge of resisting arrest without violence was testimony that the defendant gave the police a false name subsequent to his arrest. The defendant correctly argues that in Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA 1983), this Court held that the giving of a false name subsequent to arrest cannot constitute the offense of resisting arrest without violence. However, we now recede from that portion of Z.P. and adopt the holding of cases such as Rumph v. State, 544 So.2d 1150, 1152 (Fla. 5th DCA 1989), and Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987), that hold that the giving of a false name subsequent to arrest can support a charge of resisting arrest without violence under section 843.02, Florida Statutes. Accordingly, we affirm the defendant's conviction for resisting arrest without violence.
Next, the defendant contends that he was improperly sentenced as a habitual felony offender because the State failed to establish that he was the same person who was convicted of the predicate felonies used to support the sentence. We agree and reverse the defendant's sentence as a habitual felony offender and remand for resentencing. However, on remand, if the State can establish that the defendant was the "perpetrator of the predicate crimes at the new sentencing hearing, the trial court may again sentence him as a habitual felony offender." Louis v. State, 647 So.2d 324, 326 (Fla. 2d DCA 1994).
Lastly, the remaining point raised by the defendant lacks merit.
Affirmed, in part; reversed, in part, and remanded for resentencing.