765 So.2d 161 (2000)
Victor L. SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2997.
District Court of Appeal of Florida, Second District.
June 30, 2000.
Rehearing Denied August 3, 2000.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Victor L. Sanders appeals the judgment and sentence imposed after a jury found him guilty of lewd and lascivious conduct *162 in the presence of a child. We affirm Sanders' conviction without discussion. However, we reverse Sanders' sentence and remand for resentencing because the trial court sentenced him as a habitual felony offender without the necessary proof.
Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. See § 775.084(1)(a), Fla. Stat. (1999). Thus, the State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. See Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997).
In this case, the State offered into evidence certified copies of a 1987 felony conviction for battery on a law enforcement officer and a 1991 conviction for lewd and lascivious act in the presence of a child. The current offense, which took place on January 14, 1999, did not occur within five years of the date of either of these prior felony convictions. The State presented no evidence as to when Sanders was released from prison or other supervision for either of these offenses. Therefore, these convictions, standing alone, are not sufficient to qualify Sanders for habitual felony offender sentencing.
There are some references in the transcript of the sentencing hearing to a 1997 conviction for burglary of a structure. There are also some references to Sanders being on probation for the 1997 offense at the time of the current offense. However, all of these references were made during argument by the prosecutor. None of these references were substantiated by record evidence. It appears from the transcript that the trial court was looking at the court file from this 1997 case during the sentencing hearing. However, the State did not request that any information from that court file be admitted into evidence. Thus, nothing in the record establishes the date of the alleged burglary or whether Sanders was actually convicted. Absent some record evidence of the date of the alleged burglary, whether Sanders was convicted, and what, if any, sentence he received, these references were insufficient to support the trial court's finding that Sanders qualified as a habitual felony offender. Therefore, Sanders' habitual felony offender sentence must be reversed.
Because Sanders did not object to the habitual felony offender sentence at the sentencing hearing, upon remand the State should be given the opportunity to present evidence that Sanders qualifies as a habitual felony offender. See Bellamy v. State, 712 So.2d 409, 410 (Fla. 2d DCA 1998); Lowenthal, 699 So.2d at 320; Davis v. State, 588 So.2d 289, 290 (Fla. 2d DCA 1991). If the State does so, the trial court may again impose a habitual felony offender sentence.
The judgment is affirmed. The sentence is reversed and the case remanded to the trial court for a new sentencing hearing.
CAMPBELL, A.C.J., and SALCINES, J., Concur.