780 So.2d 282 (2001)
Samuel MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-279.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Rehearing Denied April 4, 2001.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Neimand, Assistant Attorney General, and Zhierlynn Mae Kelly, Certified Legal Intern, Fort Lauderdale, for appellee.
HAZOURI, J.
Samuel Mitchell timely appeals his sentence as a habitual felony offender, imposed following his guilty plea and conviction for strong arm robbery. Mitchell argues that the State failed to prove that he was previously convicted of a qualifying felony for purposes of sentencing as a habitual felony offender, pursuant to section 775.084(1), Florida Statutes (1999). We agree.
Samuel Mitchell was charged by information with committing strong arm robbery on July 5, 1999. At the sentencing hearing, the court reviewed a Pre-sentence Investigation (PSI) report, which listed a *283 1998 conviction for delivery/possession of an imitation controlled substance, case number 98-14355. The court did not have a certified copy of the 1998 conviction, but it did review the case file. The court indicated that Mitchell's probation on the 1998 conviction terminated on August 13, 1998. The State did not ask that the case file be admitted into evidence nor did it submit any evidence of the 1998 conviction.
The trial court scored the current strong arm robbery conviction and a "second degree felony of delivery of a controlled substance in violation of chapter 893," Florida Statutes, in the prior record section of the sentencing score sheet.[1] The trial court sentenced Mitchell as a habitual felony offender for a term of 15 years in state prison, with credit for 161 days time served. Defense counsel did not object to Mitchell's classification as a habitual felony offender.
On August 9, 2000, a motion to correct sentence was filed in circuit court, challenging Mitchell's sentence as a habitual felony offender. The motion to correct sentence was not ruled upon within 60 days of the date it was filed; therefore, it is deemed denied. See Fla.R.Crim.P. 3.800(b)(1)(B).
Before a trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. See Boyd v. State, 776 So.2d 317 (Fla. 4th DCA 2000) (citing § 775.084(1)(a)2.a., Fla. Stat. (1999)); see also Sanders v. State, 765 So.2d 161, 162 (Fla. 2d DCA 2000). Thus, the State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. Boyd, 776 So.2d 317 (citing Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997)); see also Sanders, 765 So.2d at 162.
The offense in this case was committed on July 5, 1999. Therefore, the State was required to prove that Mitchell was convicted of a felony or released from prison on a felony conviction after July 5, 1994, which it failed to do. Although the trial court relied on a court file of a 1998 conviction, this was insufficient proof of the conviction, where the court file was not admitted into evidence. See Sanders, 765 So.2d at 162. Additionally, the PSI report was insufficient proof of the date of conviction. See Boyd, 776 So.2d 317 (Fla. 4th DCA 2000).
Since the State failed to submit sufficient evidence of a qualifying conviction for purposes of habitual felony offender sentencing, the sentence must be reversed and the case remanded for re-sentencing.
Because defense counsel failed to object to the trial court's classification of Mitchell as a habitual felony offender, on remand the State should be permitted to present evidence of the date of his predicate conviction. See id. (citing Lowenthal, 699 So.2d at 320); Sanders, 765 So.2d at 162. If appellant meets the requirements for habitualization, the trial court can again sentence him as a habitual felony offender. See id.
REVERSED.
STEVENSON and GROSS JJ., concur.
NOTES
[1] We note that the PSI report refers to case number 98-14355, as involving a conviction for delivery/possession of an imitation controlled substance, which is a violation of section 817.564, Florida Statutes (1997), not chapter 893.