820 So.2d 1046 (2002)
James Edward OSBORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4650.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, James Osborne, was charged with burglary of a dwelling and grand theft in 1997. At trial, he was found guilty of the burglary of a dwelling and guilty of the lesser included offense of petit theft. In 1998, appellant was sentenced to forty years in prison as a violent career criminal with a thirty year mandatory minimum. After appeal, his case was remanded for re-sentencing pursuant to Salters v. State, 758 So.2d 667 (Fla.2000) (violent career criminal sentencing provision unconstitutional for offenses committed during window period from October 1, 1995, to May 24, 1997). See Osborne v. State, 768 So.2d 444 (Fla.2000).
*1047 Upon remand, at the re-sentencing the state sought to sentence appellant as a habitual felony offender under section 775.084(1)(a), Florida Statutes (Supp.1996). The state failed to produce any evidence of any prior convictions, nor did the state introduce any evidence that the felony for which appellant was being sentenced was committed within five years of his last prior felony conviction. Instead, the trial court apparently relied on the presentence investigation (PSI) report and on the court's own recollection of appellant's prior convictions. The court found that appellant had been sentenced for burglary on March 29, 1993, and released from custody on January 17, 1997. The court also said it was relying on the court file and found that appellant qualified as a habitual felony offender, that he had not received a pardon for any qualified offense and that the offenses had not been set aside by postconviction proceedings. The court also stated it had gone over the presentence investigation. Neither the court file nor the PSI report were ever moved or admitted into evidence. The trial court sentenced Osborne to thirty years as a habitual felony offender. Appellant objected to the sentence and timely filed his notice of appeal. He also filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which was denied by the trial court. In it, he made the same argument he now makes on appeal thus preserving the issue for review.
In Boyd v. State, 776 So.2d 317 (Fla. 4th DCA 2001), this court held:
Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. See § 775.084(1)(a)2.a., Fla. Stat. (1999); see also Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000). Thus, the state must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. See Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997).
Id. at 318. Additionally, the felony for which the defendant is to be sentenced and one of the two prior felony convictions may not be a violation of section 893.13, Florida Statutes, relating to the purchase or the possession of a controlled substance. See § 775.084(1)(a)3., Fla. Stat. (Supp.1996).
The offense in this case was committed on February 5, 1997. Therefore, the state was required to prove that appellant was convicted of a felony or released from prison on a felony conviction after February 5, 1992. Appellant argues that pursuant to Mitchell v. State, 780 So.2d 282 (Fla. 4th DCA 2001), the state failed to present sufficient evidence that he was previously convicted of a felony within five years from the date of conviction for the current felony offense as required to classify him as a habitual felony offender.
The state argues that the trial court's review of the court file and PSI report listing the 1993 conviction was sufficient evidence on which to find that Osborne was a habitual felony offender.
In Mitchell, which is strikingly similar to the instant case, this court held that a court file which contained information of a conviction is insufficient proof of a conviction, *1048 where the court file is not admitted into evidence. At the sentencing hearing in Mitchell, the court reviewed a PSI report, which listed a 1998 conviction for delivery/possession of an imitation controlled substance. 780 So.2d at 282-83. The trial court did not have a certified copy of the 1998 conviction, but it did review the case file. The trial court indicated that Mitchell's probation on the 1998 conviction terminated on August 13, 1998. Id. The state did not ask that the case file be admitted into evidence nor did it submit any evidence of the 1998 conviction. Id. This court determined that this was insufficient proof of the conviction because the court file was not admitted into evidence. Id. at 283.
In the instant case, no proof of appellant's prior convictions or the date of his release were admitted into evidence at the sentencing hearing. Based upon this court's decision in Mitchell, the evidence presented in this case is insufficient for purposes of habitual felony offender sentencing.
On remand, the trial court may again consider whether the habitual offender statute should be applied to appellant. See King v. State, 580 So.2d 169 (Fla. 4th DCA 1991); Olsen v. State, 691 So.2d 17 (Fla. 3d DCA 1997). If the state is able to prove with record evidence that appellant meets the requirements for habitualization, the trial court may again sentence him as a habitual felony offender. See Cameron v. State, 807 So.2d 744 (Fla. 4th DCA 2002); Boyd, 776 So.2d at 319.
Reversed and remanded for resentencing.
WARNER and STEVENSON, JJ., concur.