832 So.2d 880 (2002)
Corey Dion GORDON, Petitioner,
v.
Michael MOORE, Sec., Fl. Dept. Corr., etc., Respondent.
No. 3D02-992.
District Court of Appeal of Florida, Third District.
December 11, 2002.
Bennett H. Brummer, and Lisa Walsh, Assistant Public Defender, for appellee.
Richard E. Doran, Attorney General, and John Barker, Assistant Attorney General, for respondent.
Before JORGENSON, COPE and GODERICH, JJ.
*881 PER CURIAM.
Corey Dion Gordon seeks a writ of habeas corpus from unlawful habitual offender sentences. For the following reasons, we grant the petition in part and remand to the trial court for resentencing.
In case numbers 94-13111 and 94-32396, defendant was convicted of various offenses and sentenced as a habitual felony offender. The two necessary predicate offenses for the habitualization were 1991 convictions for burglary offenses. However, those two predicate convictions were entered on the same day by the same judge and did not meet the "sequential convictions" requirement of section 775.084, Florida Statutes (1993). See Bover v. State, 797 So.2d 1246, 1250 (Fla. 2001) (holding that although sentencing for separate convictions arising from unrelated crimes can take place on same day, sentences cannot be part of same sentencing proceeding; those separate convictions in same proceeding cannot be considered "sequential" for purposes of habitualization).
We grant the petition only insofar as we vacate the habitual offender sentences entered in case numbers 94-13111 and 94-32396. We remand this matter to the trial court for resentencing.
Upon resentencing, if the defendant has other prior felonies that would qualify him as a habitual offender, the State may make that showing on remand. See Delevaux v. State, 762 So.2d 1062 (Fla. 3d DCA 2000); Williams v. State, 692 So.2d 292, 293 (Fla. 3d DCA 1997); Olsen v. State, 691 So.2d 17, 18 (Fla. 3d DCA 1997).
Petition granted in part; remanded with directions.