844 So.2d 713 (2003)
Richard LLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1774.
District Court of Appeal of Florida, Second District.
May 9, 2003.
James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Richard Lloyd appeals the habitual offender sentence imposed following a jury trial in which he was found guilty of four drug-related charges. He challenges only his habitual offender sentence arguing that the State failed to provide the requisite evidence to support the habitualization. The State concedes error but maintains that, upon remand, it should be given another opportunity to present evidence that Lloyd qualifies as a habitual offender. Because the record in the present case is insufficient, and Lloyd did not object to the inadequacy of the documentation at the sentencing, we reverse and remand for resentencing at which the State will be permitted to present the requisite evidence and the trial court will again be allowed to impose a habitual offender sentence if properly supported. See Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings.
KELLY, J., Concurs.
ALTENBERND, C.J., Concurs specially with an opinion in which KELLY, J., Concurs.
ALTENBERND, Chief Judge, Concurring.
I reluctantly concur in the result in this case because I am bound by precedent. I disagree with two aspects of our ruling and believe that this court should recede from its decision in Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000). First, in order to challenge a habitual offender sentence on direct appeal, a defendant should be required to object in the trial court and give both the State and the trial court an opportunity to correct any error in the process. Second, even when such an error exists and is preserved, I believe that the trial court in most circumstances has the power to reimpose any lawful sentence on remand, including a habitual offender sentence.
In this case, Mr. Lloyd was charged with five felonies, including two counts of sale of cocaine, for events occurring in October and November 1998. He was properly noticed for enhanced sentencing in November 2001 and tried by jury on February 20, 2002. The jury found Mr.
*714 Lloyd guilty of four of the charges, including the two counts of sale of cocaine.
On the same day as the jury trial, the trial court conducted a sentencing hearing. Initially, Mr. Lloyd wished to present the testimony of his brother at that hearing. The trial court offered to continue the hearing for that purpose and also pointed out that Mr. Lloyd was entitled to a presentence investigation (PSI). Mr. Lloyd's counsel announced that his client wanted to go forward with sentencing that day and wished to waive the PSI. During the sentencing hearing, the assistant state attorney admitted that his sentencing packet was not complete. The State had copies of older judgments and sentences but not some newer convictions. The State asked for consecutive habitual offender sentences of thirty years' incarceration on the two counts of sale of cocaine.[1] Mr. Lloyd's attorney never suggested that his client did not qualify for habitual offender sentencing. Instead he asked for shorter terms of imprisonment and suggested concurrent sentences. In the end, the trial court imposed two consecutive habitual offender terms of fifteen years' incarceration. At no time did Mr. Lloyd suggest that he did not qualify for this enhanced sentencing.[2]
After the notice of appeal was filed, Mr. Lloyd did not file a motion to correct an unpreserved sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Instead, his attorney filed a brief arguing that the trial court had not prepared a PSI or obtained certified copies of the relevant sentences. The argument by the public defender is logical because this court in Sanders reversed under somewhat similar circumstances, noting that the issue was unpreserved. Sanders, 765 So.2d at 162.
Without regard to whether fundamental sentencing errors remain subject to correction after Maddox v. State, 760 So.2d 89 (Fla.2000), it seems to me that we are not dealing with a fundamental error in this case. Indeed, we have no reason to believe that Mr. Lloyd was not fully qualified for habitual offender sentencing. He may have chosen to waive a PSI and the formalities of habitual offender sentencing in hopes that his cooperation might result in a sentence shorter than sixty years' incarceration. If the case law permitted, I would affirm this sentence and permit Mr. Lloyd to challenge it by postconviction motion if it is defective in some manner. Unfortunately, Sanders seems to require that the record in every habitual offender case include all evidence required by the statute even when the defendant has no objection to a streamlined proceeding. Sanders, 765 So.2d at 162.
The majority opinion suggests that the State is entitled to seek a habitual offender sentence on remand only because Mr. Lloyd did not object at the first hearing. I recognize that this court has issued opinions suggesting or holding that a trial court must impose a guidelines sentence on remand if the State failed to prove the requirements for a habitual offender sentence at the first sentencing hearing and the defendant properly objected. See Rivera v. State, 825 So.2d 500 (Fla. 2d DCA 2002); Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996). Although the topic is somewhat complex, as a general proposition, double jeopardy does not apply to *715 sentencing hearings. See Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991). So long as double jeopardy is not implicated, I believe that both sides to the controversy are simply entitled to a new sentencing hearing where the necessary evidence is presented and the correct law is applied. See Cameron v. State, 807 So.2d 744 (Fla. 4th DCA 2002); Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997); Henderson v. State, 651 So.2d 822 (Fla. 4th DCA 1995). See, e.g., Pelham v. State, 815 So.2d 733 (Fla. 2d DCA 2002); Singleton v. State, 760 So.2d 250 (Fla. 2d DCA 2000); Yankovski v. State, 785 So.2d 1283 (Fla. 5th DCA 2001); see also Mann v. State, 453 So.2d 784 (Fla.1984).
There may be some occasions when the State should be prevented from seeking a habitual offender sentence on remand, but those occasions should be the exception and not the rule. As it stands right now, this court has no clear set of rules explaining when the State will or will not have the opportunity to seek a habitual offender sentence on remand from the reversal of a habitual offender sentence. This may not be the appropriate case in which to establish rules, but this court needs to establish them.
NOTES
[1] The record reflects that these statements were made by Mr. Lloyd's attorney, but it is obvious that this is a scrivener's error by the court reporter. It is the assistant state attorney asking for the maximum legal sentence.
[2] I note that a separate panel of this court is also affirming a thirty-year habitual offender sentence in one of Mr. Lloyd's other cases. Lloyd v. State, 844 So.2d 712 (Fla. 2d DCA 2003). That case involves more recent convictions.