On Rehearing Denied

COPE, J.
On consideration of the motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion:
Vincent Margiotti appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Margiotti entered a guilty plea to several felonies in exchange for an eleven-year sentence as a habitual offender, with a ten-year mandatory term under the ten-twenty-life law. Defendant contends that he does not qualify as a habitual offender because one of the offenses used for habitualization was a misdemeanor. The defendant says it had been charged as a felony, but had subsequently been reduced. The defendant has produced some evidence which appears to support his contention, and the record now before us fails to conclusively refute his claim. Accordingly we reverse the order now before us and remand for a hearing on the question whether the defendant qualifies as a habitual offender. See Fla. R.App. P. 9.141(b)(2)(D). On remand the State is free to introduce any other convictions which may qualify the defendant as a habitual offender. See Gordon v. Moore, 832 So.2d 880, 881 (Fla. 3d DCA 2002); Delevaux v. State, 762 So.2d 1062 (Fla. 3d DCA 2000).
We affirm the trial court’s order with respect to the second issue. Defendant was given a ten-year mandatory minimum term under the ten-twenty-life law, because of possession of a firearm during the commission of the charged offenses. During the burglary, the defendant used an antique, inoperable firearm. The defendant argues that under ten-twenty-life law, an antique firearm is excluded and the mandatory minimum sentence must be vacated.
We agree with the trial court in rejecting this argument. The ten-twenty-life law applies where the offender “actually possessed a ‘firearm’ or ‘destructive device’ as those terms are defined in s. 790.001 ....”§ 775.087(2)(a)l„ Fla. Stat. (1999).* Under subsection 790.001(6), Florida Statutes, “The term ‘firearm’ does not include an antique firearm unless the antique firearm is used in the commission of a crime.”
In this case the elderly victim testified that he was sleeping when the defendant entered his home and began choking him. The victim felt an object pressed against his head which he believed to be a gun. The victim did not see the gun at that time because it was dark and the defendant had placed clothing over the victim’s head so *831 that the victim could not see. After the crime, the antique firearm was found on the bed where the victim had been sleeping. It had previously been in a drawer in furniture by the bed.
The possession or use of a firearm can be established by circumstantial evidence, see T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984), and the victim’s testimony plus the location of the gun after the crime adequately support the conclusion that the antique firearm was used in this case.
Since the record supports the use of the firearm in the commission of the crime, the ten-twenty-life law was properly invoked. The fact that the gun was inoperable makes no difference. See Bentley v. State, 501 So.2d 600 (Fla.1987); Mitchell v. State, 698 So.2d 555, 558 (Fla. 2d DCA), approved on other grounds, 703 So.2d 1062 (Fla.1997); State v. Altman, 432 So.2d 159 (Fla. 3d DCA 1983). The trial court thus correctly denied relief on the claim that the ten-year mandatory minimum sentence could not lawfully be imposed under the facts of this case.
Affirmed in part, reversed in part and remanded for a hearing on the question whether the defendant qualifies as a habitual offender.

 The crime date was July 14, 1999.