PER CURIAM.
We reverse Appellant’s sentence as a habitual violent felony offender, under section 775.084(1)(b), Florida Statutes, and remand for re-sentencing.
At the sentencing hearing, the state relied upon either Appellant’s last release from state prison or the fact that Appellant was on probation within five years of committing the instant offense. Because the state is required to provide record evidence of the dates in question, we cannot affirm on this record, notwithstanding that the dates are likely to be within the required time frame.
We recognize that it appears from the date of the offense and the prosecutor’s comments to the court that such is the case, and that Appellant was on probation following his release from prison when he committed this crime. However, this statement by counsel, alone, is insufficient to meet the state’s burden. See, e.g., Sanders v. State, 765 So.2d 161 (Fla. 2d DCA 2000). Further, although the record shows that the prosecution asked the court to take judicial notice of a court file, the record is silent as to the content of that file or whether the court, in fact, did so.
As we cannot determine what evidence was before the trial court, on remand, the *551 court may again consider imposing a habitual violent felony offender sentence.
STONE, POLEN, JJ., and ROSENBERG, ROBERT, Associate Judge, concur.