TAYLOR, J.,
concurring in part; dissenting in part.
I agree that appellant’s conviction for resisting an officer with violence and battery on a law enforcement officer should be affirmed. However, I would reverse appellant’s habitual felony offender sentence, because as the state concedes, the state failed to admit into evidence certified copies of appellant’s prior convictions and the court files relied upon by the court in determining that appellant qualified as a habitual felony offender. See Osborne v. State, 820 So.2d 1046, 1047-48 (Fla. 4th DCA 2002); Mitchell v. State, 780 So.2d 282, 283 (Fla. 4th DCA 2001).
I interpret Osborne as requiring the state to not only produce the requisite evidence for habitualization, but to seek its admission into evidence at the sentencing hearing. While the facts in Osborne are somewhat distinguishable from this case in that, there, the trial court did not have certified copies of the defendant’s convictions and relied instead upon information contained in the PSI and the court file, Osborne nonetheless emphasizes that whatever proof the state presents of the defendant’s prior convictions and dates of release from custody, it must be admitted into evidence. Id. at 1048 (citing Mitchell and holding that where “no proof of appellant’s prior convictions or the date of his release were admitted into evidence at the sentencing hearing,” the evidence was insufficient for purposes of habitual felony offender sentencing).
In this case, the state did “présent” certified copies of appellant’s prior convictions. However, these documents were never actually admitted into evidence. In addition, the court file used to determine the defendant’s qualification for habituali-zation was not admitted into evidence. For these reasons, I would reverse the sentence but allow the trial court on remand to again consider imposing a habitual offender sentence if the state proves with “record evidence” that appellant meets the requirements for habitualization. See Osborne, 820 So.2d at 1048.