PER CURIAM.'
We reverse appellant’s habitual offender sentence, because the state did not offer into evidence any proof of appellant’s prior convictions or of the date of his release, evidence essential to the imposition -of habitual offender status. See Osborne v. State, 820 So.2d 1046 (Fla. 4th DCA 2002). We reject the state’s argument that this issue was not preserved on appeal. . The issue was raised in a motion to correct an illegal sentence pursuant to Florida , Rule of Criminal Procedure 3.800(b)(2), just as it was in Osborne. Id. On remand the trial court may again consider whether the habitual offender sentence should be applied to appellant. Id.
We affirm as to the remaining issues raised.
GUNTHER, WARNER and HAZOURI, JJ., concur.