944 So.2d 1064 (2006)
Timothy PAVLAC, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3359.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
Carey Haughwout, Public Defender, and Jeffrey N. Golant, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
MAY, J.
We grant the State's motion for rehearing, withdraw the previous opinion, and replace it with the following.
The defendant appeals his conviction and sentence for aggravated fleeing and eluding and resisting an officer without violence. He argues the trial court erred in relying on acquitted conduct when imposing his sentence, and that the State failed to sufficiently prove the requisite prior criminal convictions to justify the court's imposition of a habitual felony offender sentence. We agree in part and reverse the sentence.
*1066 A trial court may sentence a defendant to an extended term if he qualifies as a habitual felony offender. § 775.084, Fla. Stat. (2003). Habitual felony offender sentencing is permissive, not mandatory. Ellis v. State, 816 So.2d 759, 760 (Fla. 4th DCA 2002). Section 775.084 outlines the requirements for imposition of such a sentence.
The court must find "[t]he defendant has previously been convicted of any combination of two or more felonies . . ." and the defendant has committed the felony he is to be sentenced for "[w]ithin 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence. . . ." § 775.084(1)(a)1., 2.b. And, the felony for which the defendant is to be sentenced and one of the prior felonies cannot be for the purchase or possession of a controlled substance. § 775.084(1)(a)3. The State must prove the defendant's criminal history satisfies the statutory requirements. Mitchell v. State, 780 So.2d 282, 283 (Fla. 4th DCA 2001).
Here, the record reflects the date of the current offense was August 24, 2003. The trial court found the defendant had been sentenced to seven years in Florida State Prison on May 15, 1990, which would have made his release date no later than May 15, 1997. However, the penitentiary packet reveals the defendant violated the terms of his conditional release on several occasions thereby extending his incarceration for the 1990 conviction until September 5, 2000. The 1990 conviction and his 2000 release from prison satisfied the requirements for habitual felony offender sentencing.
However, during the sentencing, the trial court referred to the defendant's violent behavior, using a beer bottle and grabbing the officer's neck, during his arrest. "It is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing the sentence." Doty v. State, 884 So.2d 547, 549 (Fla. 4th DCA 2004). Here, the State charged the defendant with resisting arrest with violence, but the jury acquitted him of that offense and found him guilty of resisting without violence. The court should not rely on that violence in sentencing the defendant.
We find no merit in the other issues raised and affirm the defendant's conviction. We reverse the defendant's sentence for the reason expressed and remand the case for re-sentencing.
STEVENSON, C.J., and SHAHOOD, J., concur.