DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CLYDE MATHIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1764

_____

December 11, 2024

Appeal from the Circuit Court for Pinellas County; Philip J. Federico,
Judge.

Howard L. Dimmig, II, Public Defender, and Dane K. Chase, Special
Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for Appellee.

KELLY, Judge.

Clyde Mathis was convicted of home invasion robbery, burglary,
and witness tampering. He was sentenced to life in prison as a habitual
felony offender (HFO) for tampering with a witness, life in prison as a
HFO with a thirty-year mandatory minimum as a prison releasee
reoffender (PRR) for home invasion robbery, and thirty years in prison as
a HFO with a fifteen-year mandatory minimum as a PRR for burglary of

an unoccupied dwelling, all sentences to run concurrently.

Mathis timely appealed.  While the appeal was pending, Mathis filed a Florida Rule of Criminal Procedure 3.800(b) motion to correct sentencing error challenging his HFO and PRR sentences arguing that the State failed to introduce any evidence to support the enhanced sentences.  In denying the motion, the court found:

> It is apparent from the record that the State presented Defendant's sentencing packet, and the Court reviewed it prior to imposing the sentences.  Counsel acknowledged Defendant's prior record, requesting that the Court sentence him as a PRR but to 'nothing more significant.'  The sentencing packet was filed on August 15, 2023, and is contained in the record on appeal.  The Court finds the record refutes Defendant's claim that he was improperly sentenced as an HFO and PRR without proof of his prior convictions.

On appeal, Mathis again argues that the record evidence is insufficient to prove he meets the requirements for HFO or PRR sentencing.  We agree.

> Before a trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense.

*Mitchell v. State*, 780 So. 2d 282, 283 (Fla. 4th DCA 2001); *see also Sanders v. State*, 765 So. 2d 161, 162 (Fla. 2d DCA 2000).  "Thus, the State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction."  *Mitchell*, 780 So. 2d at 283; *see also*

2

*Sanders*, 765 So. 2d at 162.  Before a PRR sentence may be imposed, the State is required to submit evidence that the offender's current offense was committed within three years of his release from custody on a prior offense.  *See* § 775.082(9)(a)1, Fla. Stat. (2023); *Calloway v. State*, 914 So. 2d 12, 14 (Fla. 2d DCA 2005) ("Under the PRR statute and, in some cases, the habitual offender statute, the trial court must find that the instant offense was committed within a certain period of time from the date of the defendant's last release from prison.").

Here, although Mathis's sentencing packet was made part of the record, it was never moved or received in evidence.  Thus, it was insufficient to support the trial court's finding that Mathis qualified as a HFO or a PRR.  *See Mitchell*, 780 So. 2d at 283.  Because there is no record evidence to support Mathis's eligibility for HFO or PRR classification and sentencing, we reverse his sentences and remand for resentencing.  On remand, the State shall have the opportunity to present evidence that Mathis qualifies for enhanced sentencing since defense counsel did not object to Mathis's HFO and PRR sentences at the time they were imposed.  *See id.*; *see also Sanders*, 765 So. 2d at 162; *Bellamy v. State*, 712 So. 2d 409, 410 (Fla. 2d DCA 1998) ('Because Bellamy failed to object, on remand the State shall be permitted to present evidence of the dates of his convictions, or the dates of his release from prison.  If the State submits proof sufficient to designate Bellamy a habitual felony offender, the court may resentence him as one.').

We affirm Mathis's convictions without discussion.

Affirmed in part, reversed in part, and remanded for resentencing.

NORTHCUTT and LaROSE, JJ., Concur.

_____

3

Opinion subject to revision prior to official publication.