DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

BO WILLIAMS CLEVELAND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2373
_____

April 4, 2025

Appeal from the Circuit Court for DeSoto County; Don T. Hall, Judge.

Dane K. Chase of Chase Law Florida, P.A., Saint Petersburg, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Marena S. Ramirez, Assistant Attorney General, Tampa, for Appellee.


ATKINSON, Judge.

Bo Williams Cleveland appeals his judgment and sentence for battery on a correctional officer. Mr. Cleveland's conviction is affirmed without further discussion. However, Mr. Cleveland's sentence must be reversed because the State failed to introduce evidence proving that he qualified as a habitual felony offender for purposes of an enhanced sentence under section 775.084(1)(a), Florida Statutes (2022).

Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. Thus, the State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction.

*Sanders v. State*, 765 So. 2d 161, 162 (Fla. 2d DCA 2000) (citations omitted); *see also* § 775.084(1)(a), (3)(a).

Here, Mr. Cleveland stipulated at trial that he had twelve prior felony convictions. Even presuming this court could consider that stipulation as record evidence for purposes of the sentencing hearing, there is no record evidence from the sentencing hearing substantiating *when* any of those prior felony convictions occurred for purposes of a habitual felony offender designation. The transcript of the sentencing hearing reflects that the State handed "proper paperwork to support th[e] enhanced sentence" to the trial court, but the State never admitted the paperwork into evidence, and it is not in the appellate record. Thus, Mr. Cleveland's sentence must be reversed. *See Sanders*, 765 So. 2d at 162 (reversing a habitual felony offender sentence where the trial court "was looking at the court file" from another case but "the State did not request that any information from that court file be admitted into evidence"); *Mitchell v. State*, 780 So. 2d 282, 283 (Fla. 4th DCA 2001) ("Although the trial court relied on a court file of a 1998 conviction, this was insufficient proof of the conviction, where the court file was not admitted into evidence.").

Where, as here, a defendant fails to object to a habitual felony offender sentence at the time of sentencing, the case should be remanded for a new sentencing hearing at which the State may again attempt to prove that the defendant qualifies as a habitual felony offender. *See Sanders*, 765 So. 2d at 162 ("Because Sanders did not object to the habitual felony offender sentence at the sentencing hearing, upon remand the State should be given the opportunity to present evidence that Sanders qualifies as a habitual felony offender."); *Lowenthal v. State*, 699 So. 2d 319, 320 (Fla. 2d DCA 1997) (remanding for a new sentencing hearing for "the state to present substantiated proof of a prison release date"); *see also Bover v. State*, 797 So. 2d 1246, 1251 (Fla. 2001). Thus, the sentence is reversed, and the case is remanded for a new sentencing hearing at which the State may again attempt to prove that Mr. Cleveland qualifies as a habitual felony offender. Because Mr. Cleveland's sentence is reversed due to a lack of evidence to support it, this court need not reach his constitutional argument that pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the jury was required to make the necessary factual findings to support his sentence. *See Sarasota Herald–Tribune v. State*, 924 So. 2d 8, 13 (Fla. 2d DCA 2005) ("[W]e are required, whenever possible, to resolve a dispute without reaching the constitutional issues and without declaring statutes unconstitutional.").

Affirmed in part; reversed in part; remanded for resentencing.

LUCAS, J., Concurs.
SMITH, J., Concurs separately.

SMITH, Judge, Concurring separately.

I concur with the majority's opinion. I write separately because I would dispose of Mr. Cleveland's argument that a jury is required to make the necessary factual findings to support his habitual felony offender status pursuant to *Alleyne v. United States*, 570 U.S. 99, 107–08 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). On this point, our court and other district courts have held that neither *Alleyne* nor *Apprendi* require the jury to determine whether a defendant can be sentenced as a habitual felony offender. *See Lopez v. State*, 135 So. 3d 539, 540 (Fla. 2d DCA 2014) ("[B]ecause Lopez's date of release from prison is a part of his prior record, that fact determination did not need to be presented to a jury and proved beyond a reasonable doubt."); *Calloway v. State*, 914 So. 2d 12, 14 (Fla. 2d DCA 2005) (holding that the trial court's determination of a defendant's date of release after serving a prison sentence on a prior conviction, for purposes of enhanced sentencing under the habitual offender statute, did not violate *Apprendi* because the trial court's finding—that the instant offense was committed within five years of the date of the defendant's last felony conviction or the date of release from prison—was "directly derivative of a prior conviction and therefore does not implicate Sixth Amendment protections"); *Hunter v. State*, 174 So. 3d 1011, 1016–17 (Fla. 1st DCA 2015) (holding that the State was not required to prove enhancement factors to jury prior to trial court's imposition of habitual violent felony offender enhancement); *McBride v. State*, 884 So. 2d 476, 477 (Fla. 4th DCA 2004) (holding that a jury did not need to determine whether defendant had the requisite predicate convictions for habitual felony sentence); *see also Williams v. State*, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) ("*Alleyne* leaves intact the Supreme Court's decision in *Apprendi v.*

4

*New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), which held that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490, 120 S. Ct. 2348.").  Accordingly, I would dispose of this issue to avoid any confusion or further argument on the issue at resentencing.

_____

Opinion subject to revision prior to official publication.